# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE ZUCK, | No. 4:19-CV-01983 |
| Plaintiff, | (Judge Brann) |
| v. | |
| PENNSYLVANIA CERTIFIED ORGANIC INC., | |
| Defendant. | |

## MEMORANDUM OPINION

### APRIL 1, 2020

Plaintiff Leslie Zuck brings a complaint alleging age discrimination under the Age Discrimination in Employment Act[1] (ADEA) and the Pennsylvania Human Rights Act[2] (PHRA). Defendant Pennsylvania Certified Organic Inc. moves to dismiss her complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## I.     BACKGROUND[3]

Twenty years ago, Zuck founded Pennsylvania Certified Organic, a nonprofit corporation located in Spring Mills, Pennsylvania.[4] She remained employed by Pennsylvania Certified Organic from its founding until 2018.[5]

---

[1] 29 U.S.C. § 623.

[2] 43 Pa. C.S.A. § 953.

[3] The facts in this section are drawn from Zuck's complaint. *See Sherman v. John Brown Ins. Agency Inc.*, 38 F. Supp. 3d 658, 662–63 (W.D. Pa. 2014). As is appropriate on a motion to dismiss, I accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Id.*

In July 2018, the president of Pennsylvania Certified Organic's board of directors pressured Zuck to retire.[6] The president told her that it was not about Zuck's job performance, but rather that the board was "ready to move on to the next generation of leadership."[7] Zuck declined to retire.[8] On September 5, 2018, Zuck was fired for the stated reason of unsatisfactory job performance, contrary to what the president had told her two months prior.[9] Pennsylvania Certified Organic then appointed two interim co-executive directors who are in their 30s to replace Zuck, who was 61 years old as of the filing of her complaint.[10]

That complaint was filed on November 19, 2019.[11] Pennsylvania Certified Organic moved to dismiss the complaint on January 20, 2020.[12] That motion is now ripe for disposition.

## II.   LEGAL STANDARD

A plaintiff is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[13] A claimant must state a plausible

---

[4] Compl. ¶ 4 (ECF No. 1).
[5] *Id.* at ¶ 7.
[6] *Id.* at ¶ 6.
[7] *Id.*
[8] *Id.* at ¶ 7.
[9] *Id.*
[10] *Id.* at ¶¶ 4, 8.
[11] Compl.
[12] Def.'s Mot. to Dismiss Pl.'s Compl. (ECF No. 5).

claim for relief.[14] "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] The plaintiff's factual allegations must rise above the speculative level, but the plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element."[16] A court ruling on a motion to dismiss must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[17]

The ADEA prohibits employers from discriminating against individuals on the basis of their age.[18] Age discrimination may be established by either direct or indirect evidence.[19] When relying on indirect evidence, a plaintiff may establish a prima facie case of age discrimination by demonstrating that: (1) the plaintiff is forty years of age or over, (2) she is qualified for the position in question, (3) she suffered an adverse employment action, and (4) she was replaced by a person

---

[13] Fed. R. Civ. P. 8.

[14] *See Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (*citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

[15] *Thompson*, 748 F.3d at 147.

[16] *Id.*

[17] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[18] 29 U.S.C. § 623(a)(1).

[19] *Duffy v. Paper Magic Grp., Inc.*, 265 F.3d 163, 167 (3d Cir. 2001).

sufficiently younger than her to permit an inference of age discrimination.[20] The PHRA's age-discrimination provision is interpreted coextensively with the ADEA.[21]

## III. DISCUSSION

Pennsylvania Certified Organic moves to dismiss Zuck's complaint under Rule 12(b)(6) for failure to state a claim. Specifically, Pennsylvania Certified Organic argues that Zuck has failed to adequately plead prongs 2 and 4 of her age-discrimination claim: that she was qualified for the position and that she was replaced by a person sufficiently younger than her to permit an inference of age discrimination.

Zuck has sufficiently pleaded that she was qualified for the position. First, she alleges that the president of the board of directors specifically told her that her job performance was not deficient just two months before she was fired.[22] That direct allegation is bolstered by the facts that she founded the company and had twenty years of experience working for it.[23] Those facts are sufficient to support a finding that she was qualified for and performed satisfactorily in her position.

Zuck has also adequately pleaded that she was replaced by sufficiently younger persons to support an inference of age discrimination by pleading that her

---

[20] *Id.*

[21] *See Fasold v. Justice*, 409 F.3d 178, 183 (3d Cir. 2005).

[22] Compl. ¶ 6.

[23] *Id.* at ¶ 4.

replacements were in their 30s, approximately thirty years younger than her.[24] The fact that these replacements were on an "interim" basis does not render her pleading insufficient.[25]

Because I find that Zuck has adequately pleaded these elements, I deny Pennsylvania Certified Organic's motion to dismiss.

## IV. CONCLUSION

For the reasons set forth above, Defendant Pennsylvania Certified Organic Inc.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 5) is **DENIED**.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[24] *Id.* at ¶ 8.

[25] *See Smith v. M&M Mgmt. Co.*, Civil Action No. 3:17-cv-7978, 2019 WL 1397401, at *12 (D.N.J. Mar. 28, 2019) (finding a factual issued was raised on a motion for summary judgment where the 57-year-old plaintiff was replaced by a significantly younger interim employee before an employee of similar age to the plaintiff ultimately filled the position).